ADAMS, ALTO (Ret.) Associate Judge
(dissenting).
This dissent is to an affirmance (without opinion) of a judgment adverse to appellant.
This appellant sought to construct a gasoline filling station in the municipal corporation of “Village of Palm Springs”. After exhausting all administrative remedies he sought certiorari in the circuit court. The trial court decided in favor of the municipality and he appealed.
The trial court found the sale of gasoline did not come within the ordinance relating to retail stores. In this I see no error.
Second, the trial court without comment or apparent consideration held “that the zoning ordinance of the respondents is constitutional”.
The question is squarely presented whether a municipality may completely zone out, and thereby prohibit a lawful business such as here a retail gasoline business simply by failure to provide by ordinance where within its city the business may be operated?
It is basic that the power to regulate does not carry the power to prohibit. It is also axiomatic that the power to reject or prohibit may not be exercised by failure to regulate.
We are dealing here with a phase of our law which surfaced in the not distant past, *457 namely the “police power”. It is laudable and essential to a modern society although it essentially curtails rights long enjoyed by citizens. Because of its nature we have said that it is to be applied with some degree of restraint and then only where it was in • the interest of the public health, morals, safety and general welfare. See 23 Fla.Jur., Municipal Corporations, § 144.
There is naught to be said in the presumption of validity of the ordinance because by its silence it is exclusive in nature to this business. At the same time by the encroaching nature of the police power we are justified in calling for an affirmative showing of necessity to exclude this applicant. Hence I am of the opinion that the judgment should be reversed.